UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES FOREST SERVICE 201 14th St, SW Washington, DC 20024<br><br>*Defendant*. | Civil Action No. 17-cv-1277<br><br>**COMPLAINT** |

### PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Forest Service ("Forest Service" or "Defendant"), a component of the United States Department of Agriculture, to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On April 7, 2017, Plaintiff sent a FOIA request via U.S. first class mail and by fax to Defendant seeking (1) a news release allegedly issued by Forest Service related to commercial stewardship timber sales in the Tongass National Forest, and (2) records detailing specifically how the Forest Service addressed issues raised in the internal

review (namely the "Washington Office Activity Review Timber Sale Administration, Sale Preparation, Stewardship Contracting, NEPA and Timber Theft Prevention") of its timber sale administration. PEER seeks this information as a part of its ongoing investigation of widespread fraud in relation to commercial stewardship timber sales from the Tongass National Forest. PEER has reason to believe that Forest Service was either actively engaging, or complicit, in the unlawful sale of high-value timber at prices far below fair market value.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

6. To date, Defendant has failed to produce any records in response to Plaintiff's April 7, 2017 FOIA request, Case Number 2017-FS-WO-03498-F.

7. Defendant's conduct amounts to a denial of Plaintiff's FOIA request.  The Forest Service is frustrating Plaintiff's efforts to educate the public about and keep the Forest Service accountable in its mismanagement of commercial stewardship timber sales in the Tongass National Forest.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, including the regulation and

remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

15. Defendant, Forest Service, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

17. In December 2016, PEER became aware of a June 20, 2016 Forest Service report named "Washington Office Activity Review," which reported on two large Tongass National Forest commercial stewardship timber sales.

18. The report disclosed a few startling discoveries, including: (1) Staggering monetary losses in each sale.  According to the post-harvest Monitoring Report, Forest Service lost upwards of $2,000,000 in just one sale by failing to inspect and follow the timber sale contract and all associated Forest Service mandated timber prescriptions directing how much of each species of tree could be removed. (2) Despite being stewardship sales to improve forest health, the agency allowed companies to ignore the mandatory prescriptions by favoring removal of the larger diameter, more valuable species groups, such as western red cedar and spruce, while significantly undercutting far less valuable hemlock.  (3) Required law enforcement timber theft prevention inspections appear to have been bypassed.

19. An Alaska Public Radio news article dated April 4, 2017 concerning alleged mismanagement of commercial stewardship timber sales in the Tongass National Forest contained the following statement: "Forest Service officials responded with a news release, but wouldn't grant an interview or answer specific questions. In the release, officials said they're already addressing issues raised in the internal review cited by its critics, which includes updating the appraisal process and making improvements to its timber sale administration."

20. On April 7, 2017, as a result of continued concern about the mismanagement of commercial stewardship timber sales in the Tongass National Forest, PEER requested pursuant to FOIA, by both U.S. first class mail and by fax, records and information related to the news release issued by Forest Service. Specifically, PEER requested:

    a. *A copy of the above referenced news release; and*

    b. *Records detailing specifically how USFS addressed "issues raised in the internal review" [namely the "Washington Office Activity Review Timber Sale Administration, Sale Preparation, Stewardship Contracting, NEPA and Timber Theft Prevention" dated June 12-20, 2016] including "updating the appraisal process and making improvements to its timber sale administration."*

21. Defendant has failed to respond to Plaintiff's FOIA request. Plaintiff e-mailed Defendant on June 20, 2017, prior to the filing of this complaint in order to check the status of the FOIA request, and Defendant still failed to produce any responsive records.

22. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need for a ten day extension. *See also* 43 C.F.R. § 2.16.

23. Twenty working days from April 7, 2017 (the date of Plaintiff's request) was May 5, 2017. As of this June 29, 2017 filing, Plaintiff has not received any records responsive to its April 7, 2017 FOIA request.

24. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its April 7, 2017 FOIA request, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

25. Plaintiff incorporates the allegations in the preceding paragraphs.

26. Defendant's failure to disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of Agriculture's regulations promulgated thereunder, 7 C.F.R. § 1.1 *et. seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on June 29, 2017,

\_\_/s/Paula Dinerstein_____
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstien@peer.org

*Counsel for Plaintiff*